KTF:MOM
F. #2026R00647

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IN THE MATTER OF
THE EXTRADITION OF
CARNEL AUGUSTUS YOUNG

No. 26 MJ 182

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

COMPLAINT
(18 U.S.C. § 3184)

I, Michael McGuinness, being duly sworn, depose and state that I am an Assistant United States Attorney with the United States Attorney's Office for the Eastern District of New York, and represent the United States in fulfilling its extradition treaty[1] obligations to Canada with respect to the fugitive Carnel Augustus Young (YOUNG or "the fugitive").

In accordance with Title 18, United States Code, Section 3184, I charge, on information and belief, as follows:[2]

1. Foreign Charge. According to the information Canada has provided, Canada seeks the provisional arrest of YOUNG with a view toward extradition so that he may stand trial for importing cocaine, in violation of section 6(1) of the Controlled Drugs and Substances Act of Canada. This offense was committed within the jurisdiction of Canada.

2. Foreign Arrest Warrant. On December 17, 2019, Justice Jaffe of the

[1] See Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, *as amended by* Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990); *and* Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty").

[2] Because the purpose of this Complaint is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which I am aware.

Ontario Court of Justice issued a warrant for YOUNG's arrest for this offense. The warrant remains valid and enforceable.

3. Extradition Request. Pursuant to Article 11 of the Treaty, Canada has asked the United States for the provisional arrest of YOUNG. The Government of Canada has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty, within the time required under the Treaty.

4. Facts Underlying the Extradition Request. YOUNG is charged with attempting to bring bundles of cocaine across the Canadian border, disguised in packets of food. Canada's provisional arrest request presents the following information in support of its request:

a. On or about June 2, 2019, at approximately 1:34 p.m., YOUNG arrived at Lester B. Pearson International Airport, which is in Ontario, Canada, on a Caribbean Airlines flight from Jamaica. He presented a U.S. passport to border authorities, bearing the name Carnel Augustus YOUNG.

b. YOUNG was referred for a secondary examination, at which officers of the Canadian Border Services Agency ("CBSA") investigated YOUNG's baggage. They discovered multiple food packages, including bags of spices, chicken soup mixes, bags of Jamaican Blue Mountain coffee, bags of Grace Johnny Cake Mix, a bag of Grace Festival Unique Jamaican Dough, and a bag of Grace Saltfish Fritter mix.

c. CBSA officers examined the package of Grace Festival Unique Jamaican Dough and felt lumps. The package was opened, and the officers discovered a plastic bag beneath the dough, which contained white rocks and powder. Officers cut the plastic bag open, revealing a white powder that had

a pungent odor. A narcotics identification kit test of the substance was positive for cocaine.

d. Officers also found cocaine concealed in the bag of Grace Johnny Cake Mix, and in one of the bags of Jamaican Blue Mountain coffee. Royal Canadian Mounted Police ("RCMP") officers arrived at the scene at or around 8:20 p.m. on June 2, 2019, and were briefed by the CBSA. YOUNG was thereafter arrested by the RCMP for importing cocaine, and his belongings were seized. RCMP officers verified YOUNG's identity by comparing his appearance to the photograph in the U.S. passport YOUNG presented to CBSA.

e. The RCMP later processed the seized exhibits and submitted samples of the white substance found in the food packages to Health Canada. The samples tested positive for cocaine. In total, YOUNG was found in possession of 1.126 kg of cocaine.

f. YOUNG was released on bail. On or about December 17, 2019, YOUNG failed to appear for a court appearance, and as a result, the Ontario Court of Justice issued a bench warrant for YOUNG's arrest.

g. Canadian authorities subsequently learned that YOUNG was serving a sentence in the United States for felony possession with intent to distribute cocaine, and was scheduled to be released in August 2026.[3]

5. Fugitive's Presence in the United States: According to U.S. law enforcement, YOUNG may be found within the jurisdiction of this Court 170-16 143rd Road, Jamaica, New York

[3] See Dkt. No. 36 (Judgment), Case No. 2:24-cr-20038, United States v. Young (W.D. Tenn.).

6. YOUNG likely would flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for YOUNG's arrest issue in accordance with 18 U.S.C. § 3184 and the Treaty, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered, and that this Complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

Michael McGuinness

Michael McGuinness
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 22nd day of September, 2026 by telephone, in Brooklyn, New York.

[redacted]

Hon. James R. Cho
United States Magistrate Judge